IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Lisa Bauman,<br><br>Plaintiff,<br>v.<br><br>Walmart, Inc.,<br><br>Defendant. | C/A No. 4:24-cv-00627-JD<br><br>MEMORANDUM ORDER AND OPINION |

This premises liability action is before the Court on Defendant Walmart, Inc.'s ("Walmart") Motion in Limine to Exclude Plaintiff's Experts pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure. (DE 30.) Plaintiff Lisa Bauman ("Plaintiff") opposes the motion. (DE 31.) Walmart filed a reply. (DE 32.)

Walmart seeks to exclude opinion testimony from Plaintiff's retained expert, Lindsay Moore, and treating physician, Dr. Todd M. Tupis, based principally on Plaintiff's failure to comply with the expert disclosure deadline established by the Court and the requirements of Rule 26(a)(2). Plaintiff concedes that her expert disclosures did not comply with Rule 26(a)(2) but contends that exclusion is unwarranted because Walmart had notice of both witnesses and because any prejudice is either nonexistent or readily curable.

For the reasons below, Walmart's motion is granted in part and denied in part.

## I. BACKGROUND

Plaintiff alleges that she slipped on a foreign substance at Walmart's Conway, South Carolina, store on May 23, 2023, and sustained injuries for which she seeks past and future medical damages, among other relief. (DE 30-1 at 4–5 ¶¶ 11–14.)

The Court's First Amended Scheduling Order required Plaintiff to identify her experts by July 8, 2024, and Defendant to identify its experts by August 9, 2024. (DE 9 at 2 ¶¶ 5–6.) Although the Court later amended other case deadlines, none of those orders extended the expert disclosure deadlines. (*See* DE 19; DE 22; DE 25; DE 29.)

Plaintiff did not serve a Rule 26(a)(2) disclosure by July 8, 2024, and she now concedes that her later designations did not comply with Rule 26(a)(2). (DE 31 at 4.) The parties dispute, however, the consequence of that violation. The record reflects materially different notice and disclosure histories for Dr. Tupis and Ms. Moore.

### A. Dr. Todd M. Tupis

In her May 29, 2024, discovery responses, Plaintiff reserved the right to call her healthcare providers, produced medical records and bills from OrthoSC for post-incident treatment, and identified OrthoSC as a provider that began treating her on May 24, 2023. In a separate interrogatory seeking providers who treated Plaintiff during the preceding ten years, Plaintiff listed Todd Tupis, M.D., as a knee orthopedist at OrthoSC. (DE 30-8 at 5–7, 10.)

Walmart thereafter subpoenaed OrthoSC on June 28, 2024, seeking Plaintiff's medical records, imaging, physician orders, progress notes, billing information, and related treatment materials. (DE 31-3 at 2–6.) Plaintiff did not serve a Rule

26(a)(2)(C) disclosure identifying Dr. Tupis as a witness who would offer testimony under Rules 702 through 705 or summarizing the facts and opinions to which he would testify.

On April 10, 2025, Plaintiff served supplemental interrogatory answers identifying Dr. Tupis as a person with personal knowledge and stating that he provided medical treatment for injuries arising from the subject incident. (DE 30-10 at 2–3.)

**B. Lindsay Moore**

Ms. Moore's disclosure history is materially different. Plaintiff's March 2025 supplemental responses identify a Future Cost Analysis dated May 30, 2024. (DE 30-9 at 3.) Before the July 8 expert deadline, Plaintiff's then-counsel emailed Walmart's counsel on June 12, 2024, stating that Plaintiff had "retained Lindsay Moore to prepare a future cost estimate for Mrs. Bauman's recommended surgery and future medical treatment." (DE 31-2 at 2.)

The same email stated that Ms. Moore had prepared a Future Cost Estimate Report and that counsel was drafting supplemental discovery responses to "formally identify Lindsay Moore as an expert and to provide her report," which counsel expected to serve within days. (*Id.*) Those supplemental responses were not served as represented, and no timely expert disclosure followed.

Plaintiff's present counsel appeared on August 6, 2024, after the July 8 expert deadline had expired. Plaintiff attributes the failure to complete the disclosure to a miscommunication during the transition of counsel. (DE 31 at 3, 7.)

On March 13, 2025, Plaintiff served supplemental discovery responses formally identifying Ms. Moore as an expert expected to testify concerning Plaintiff's future life-care needs and referring Walmart to the May 30, 2024, Future Cost Analysis, Ms. Moore's curriculum vitae, and her prior deposition and trial list. (DE 30-9 at 3–4.) Two weeks later, the Court extended discovery through June 5, 2025. (DE 25.)

## II. LEGAL STANDARD

### A. Motions in Limine

"Questions of trial management are quintessentially the province of the district courts." *United States v. Smith*, 452 F.3d 323, 332 (4th Cir. 2006). "The purpose of a motion in limine is to allow a court to rule on *evidentiary* issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *United States v. Verges*, No. 1:13-cr-222-JCC, 2014 U.S. Dist. LEXIS 17969, 2014 WL 559573, at *2 (E.D. Va. Feb. 12, 2014) (emphasis added). When ruling on a motion in limine, a federal district court exercises "wide discretion." *United States v. Aramony*, 88 F.3d 1369, 1377 (4th Cir. 1996) (quoting *United States v. Heyward*, 729 F.2d 297, 301 n. 2 (4th Cir. 1984)).

However, a motion in limine "should be granted only when the evidence is clearly inadmissible *on all potential grounds." Verges*, 2014 U.S. Dist. LEXIS 17969, 2014 WL 559573, at *3; *see also Fulton v. Nisbet*, C/A No. 2:15-4355-RMG, 2018 U.S. Dist. LEXIS 13342, 2018 WL 565265, at *1 (D.S.C. Jan. 25, 2018) (emphasis added). Courts routinely deny motions in limine that seek to exclude broad categories of

evidence or that lack specificity. *United States ex rel. Lutz v. BlueWave Healthcare Consultants, Inc.*, No. 9:11-CV-1593-RMG, 2017 WL 11621327, at *1 (D.S.C. Nov. 16, 2017).

## B. Expert Disclosures

Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure requires a party to disclose the identity of any witness it may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705. These disclosures must be made at the times and in the sequence ordered by the Court. Fed. R. Civ. P. 26(a)(2)(D).

Rule 26 distinguishes between retained experts, who generally must provide a written report under Rule 26(a)(2)(B), and witnesses who will provide expert testimony but are not required to provide a report under Rule 26(a)(2)(C). Treating medical providers may fall within the latter category. But when a party intends to elicit testimony from a treating provider under Rules 702 through 705, Rule 26(a)(2)(C) still requires a disclosure stating the subject matter of the testimony and providing "a summary of the facts and opinions to which the witness is expected to testify."[1] Fed. R. Civ. P. 26(a)(2)(C); *Timpson ex rel. Timpson v. Anderson Cnty. Disabilities & Special Needs Bd.*, 31 F.4th 238, 253 (4th Cir. 2022). The fact that an opinion was formed during treatment does not, by itself, make the testimony lay

[1] The Court recently applied that distinction in *Spates v. Horry County School District*, Nos. 4:21-cv-03634-JD, 4:22-cv-02169-JD, 2025 WL 2691921, at *3–4 (D.S.C. Sept. 22, 2025). There, the Court permitted treating providers to testify concerning treatment, observations, and diagnoses made during the ordinary course of care but prohibited undisclosed expert opinions concerning causation. The Court likewise excluded a treatment provider's litigation-driven report. See also *McCray v. Waffle House, Inc.*, No. 4:25-cv-02634-JD, DE 22 at 14–17 (D.S.C. Aug. 5, 2026).

opinion under Rule 701 if the testimony depends on scientific, technical, or other specialized knowledge.

### C. Rule 37(c)(1)

When a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party may not use that information or witness "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

In determining whether nondisclosure is substantially justified or harmless, the Court considers:

1. The surprise to the party against whom the evidence would be offered;
2. The ability of that party to cure the surprise;
3. The extent to which allowing the evidence would disrupt the trial;
4. The importance of the evidence; and
5. The non-disclosing party's explanation for its failure to disclose the evidence.

*See S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). The first four factors bear principally on harmlessness, while the fifth relates primarily to substantial justification. *Id.* The burden of establishing these factors lies with the non-disclosing party. *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014).

Rule 37(c)(1) does not require bad faith before exclusion may be imposed. *Southern States*, 318 F.3d at 596–97. The Rule also authorizes measures in addition to or instead of preclusion, including reasonable expenses and other appropriate sanctions. Fed. R. Civ. P. 37(c)(1)(A)–(C).

## III. DISCUSSION

### A. Dr. Tupis

Walmart argues that Dr. Tupis may not offer expert medical opinions because Plaintiff never timely disclosed him under Rule 26(a)(2) and never served the summary required by Rule 26(a)(2)(C). Walmart emphasizes that Plaintiff's original expert interrogatory response stated that she had not determined which experts she would call; that Dr. Tupis appeared only in a ten-year provider list; and that Plaintiff did not identify him as a witness concerning the subject injuries until April 10, 2025. (DE 30 at 6, 9–10; DE 32 at 2–3, 5–6.)

Plaintiff responds that Dr. Tupis is a treating physician, not a retained expert, and that any opinions he formed during treatment do not require a Rule 26(a)(2)(B) report. She also argues that Walmart had substantial notice of his role through the pre-suit demand, medical records, discovery responses, and Walmart's own OrthoSC subpoena. In Plaintiff's view, any remaining disclosure defect can be cured by a Rule 26(a)(2)(C) supplementation and, if necessary, a limited deposition. (DE 31 at 5, 7–8.)

In reply, Walmart does not dispute that a treating physician may be exempt from the full-report requirement. It argues instead that Rule 26(a)(2)(C) still required Plaintiff to identify Dr. Tupis as an expert witness and summarize the facts and opinions he would offer, and that medical records or notice of treatment do not satisfy that obligation. (DE 32 at 5–6.)

The Court agrees with Walmart as to undisclosed expert opinions, but not as to Dr. Tupis's testimony altogether.

Because Dr. Tupis treated Plaintiff rather than being specially retained to testify, Plaintiff was not necessarily required to obtain the written report contemplated by Rule 26(a)(2)(B). But that distinction does not eliminate Rule 26(a)(2)(C). A treating provider may testify from personal knowledge concerning care actually furnished; when the testimony depends on scientific, technical, or other specialized knowledge and is offered under Rules 702 through 705, the party must disclose the subject matter and provide a summary of the facts and opinions to which the witness is expected to testify. *See Timpson ex rel. Timpson v. Anderson Cnty. Disabilities & Special Needs Bd.*, 31 F.4th 238, 253 (4th Cir. 2022); *see also Spates v. Horry Cnty. Sch. Dist.*, Nos. 4:21-cv-03634-JD, 4:22-cv-02169-JD, 2025 WL 2691921, at *3–4 (D.S.C. Sept. 22, 2025).

Plaintiff did not provide that summary. Walmart's knowledge that Plaintiff was treated at OrthoSC and that Dr. Tupis was one of her orthopedic providers reduces surprise as to his identity and treatment role. It does not disclose which specialized opinions Plaintiff intended to elicit at trial. Nor was Walmart required to review treatment records and infer every causation, prognosis, permanency, or future-care opinion that might later be offered.

That distinction follows this Court's decisions in *Spates* and *McCray v. Waffle House, Inc.*, No. 4:25-cv-02634-JD, DE 22 at 14–17 (D.S.C. Aug. 5, 2026). In both cases, the Court permitted treating providers to testify concerning ordinary course

treatment, observations, and diagnoses, while excluding undisclosed opinions governed by Rules 702 through 705. In *McCray*, the Court further explained that production of treatment records does not require the opposing party to infer every expert opinion a provider might later offer. (*Id*. at 14–16.)

The *Southern States* factors do not warrant a broader allowance here. Surprise is limited as to Dr. Tupis's identity but remains substantial as to any unspecified expert opinions. Cure would require Walmart to learn those opinions for the first time now, depose Dr. Tupis as an expert, assess rebuttal testimony, and potentially raise Rule 702 issues. The medical testimony may be important to Plaintiff's damages case, but that importance also underscores why the opinions should have been disclosed. And Plaintiff offers no persuasive explanation for failing to serve a Rule 26(a)(2)(C) summary for Dr. Tupis. *See Southern States*, 318 F.3d at 597–99; (DE 31 at 7–8; DE 32 at 5–6.)

A tailored limitation, rather than wholesale exclusion of the witness, therefore, best fits both the disclosure violation and the record. Subject to the Federal Rules of Evidence, Dr. Tupis may testify from personal knowledge concerning symptoms reported to him; firsthand observations; examinations conducted; tests ordered or reviewed in the course of treatment; procedures performed; treatment rendered; contemporaneous treatment decisions; diagnoses made and recorded in the ordinary course of care; and entries he made in Plaintiff's medical records.

He may not, however, offer undisclosed expert opinions about whether the May 23, 2023, incident caused a particular injury or condition; specialized differential-

diagnosis reasoning offered to establish litigation causation; prognosis or permanency; impairment ratings; future treatment or future medical needs; life-care planning; the general medical necessity or reasonableness of Plaintiff's treatment; the reasonableness of particular medical charges; or opinions developed after treatment or for purposes of this litigation.

This limitation does not prevent Dr. Tupis from describing, as a historical fact, treatment he actually recommended during Plaintiff's care. It prevents Plaintiff from converting that treatment history into undisclosed expert opinion concerning litigation causation or future damages.

Walmart's motion is, therefore, granted in part and denied in part as to Dr. Tupis.

**B. Lindsay Moore**

The parties agree that Ms. Moore was retained to provide expert testimony and that Plaintiff did not comply with the July 8, 2024, expert deadline. Their dispute is whether that violation is substantially justified or harmless under Rule 37(c)(1).

Walmart argues that exclusion should follow because Plaintiff possessed Ms. Moore's May 30, 2024, analysis before the deadline, failed to disclose her until March 13, 2025, and thereby allowed Walmart's rebuttal expert deadline to pass without a reason to retain an expert. Walmart contends that actual awareness of Ms. Moore's name does not replace a Rule 26 disclosure, that it was entitled to rely on the Court's staggered expert schedule, and that cure would require reopening expert discovery and Rule 702 practice. (DE 30 at 3, 6–10; DE 32 at 3–5.)

Plaintiff concedes the Rule 26 violation but contends it was harmless. (DE 31 at 4.) She points to the June 12, 2024, email expressly identifying Ms. Moore as a retained expert, describing her future-cost assignment, and stating that a report had been prepared. Plaintiff also emphasizes that she formally identified Ms. Moore and produced the materials supporting her opinions on March 13, 2025, before the June 5, 2025, discovery deadline. She proposes, if the Court finds any residual prejudice, a limited deposition and rebuttal period rather than exclusion. (DE 31 at 4–8.)

Walmart replies that Plaintiff's advance knowledge of Ms. Moore makes the delay less, not more, excusable; that a defendant may reasonably rely on an opponent's failure to make the expert disclosure the scheduling order requires; and that the elapsed expert, discovery, mediation, and motion deadlines make the proposed cure disruptive. (DE 32 at 3–5.)

Plaintiff has not shown substantial justification. The report existed before the deadline, counsel knew that Ms. Moore had been retained, and counsel expressly stated that a formal disclosure and report would be served within days. They were not. The later substitution of counsel does not explain the original default because present counsel appeared after the July 8 deadline had expired. (DE 31 at 3, 7.) The fifth *Southern States* factor, therefore, favors Walmart.

**1. Surprise**

The surprise factor nevertheless differs materially from *Spates*. There, the plaintiff had affirmatively represented that no experts would be offered and first identified the treating providers on the final day of discovery. *Spates*, 2025 WL

2691921, at *2–4. Here, before Plaintiff's expert deadline, Walmart received a written communication identifying Ms. Moore by name, stating that she had been retained as an expert, describing the subject of her assignment—future surgery and future medical treatment costs—and advising that a report had been prepared. (DE 31-2 at 2.)

The Court agrees with Walmart that this communication did not satisfy Rule 26(a)(2)(B) or the Court's scheduling order. But compliance and surprise are distinct inquiries. The *Southern States* factor asks what the opposing party actually knew. Walmart had specific, pre-deadline notice of Ms. Moore's identity, retained status, general subject matter, and the existence of her report. Its surprise as to the existence and general scope of her testimony was, therefore, limited. Walmart remained entitled, however, to the actual Rule 26 disclosure and report so that it could evaluate her assumptions, calculations, methodology, and the need for rebuttal testimony. This factor favors Plaintiff, but only moderately.

**2. Ability to Cure**

Plaintiff formally identified Ms. Moore on March 13, 2025, and referred Walmart to her May 30, 2024, Future Cost Analysis, curriculum vitae, and prior testimony materials. (DE 30-9 at 3–4.) Discovery was then extended through June 5, 2025. (DE 25.) Thus, unlike a new opinion disclosed at trial, the substance of Ms. Moore's disclosed opinions entered the discovery record before discovery closed.

Walmart correctly responds that its own expert deadline had long since expired and that it was not required to disregard the Court's scheduling order and

unilaterally undertake rebuttal work without a curative order. (DE 32 at 4–5.) The Court, therefore, does not treat Walmart's decision not to depose Ms. Moore or retain a rebuttal expert as a forfeiture of prejudice. It does, however, demonstrate that the remaining prejudice is identifiable and can be addressed through a narrow deposition and rebuttal window rather than exclusion of the witness. This factor favors a curative remedy.

**3. Disruption of Trial**

At the time of briefing, Walmart emphasized that the case was subject to the January 2026 jury selection term and argued that reopening expert proceedings would delay trial. (DE 32 at 4–5; see DE 29.) That concern was legitimate. But trial has not commenced, and the January 2026 trial term has passed. A short, expert-specific cure at this stage will not interrupt an ongoing trial or require the parties to repeat trial proceedings, as occurred in *Southern States*. *See* 318 F.3d at 598–99. The Court will not reopen general discovery or Plaintiff's expert case. On the present posture, this factor does not warrant preclusion.

**4. Importance**

Ms. Moore's testimony concerns claimed future medical expenses and is, therefore, important to Plaintiff's damages presentation. Plaintiff argues that this importance weighs against exclusion. (DE 31 at 7.) Walmart correctly observes that important evidence is precisely the evidence that should have been disclosed on time. (DE 32 at 5); *see Southern States*, 318 F.3d at 598–99. The factor, therefore, does not

excuse the violation, but in combination with the limited surprise and available cure, it weighs against the disproportionate consequence of complete preclusion.

**5. Balancing and Appropriate Cure**

Balancing the factors, the Court finds that Plaintiff's failure was not substantially justified but is harmless if the residual prejudice is cured on the terms below. This conclusion does not equate advance notice with Rule 26 compliance. Plaintiff violated Rule 26 and the Court's scheduling order. The relevant point under *Southern States* is narrower: Walmart knew before the deadline that Ms. Moore had been retained for a defined future-cost assignment, learned that a report already existed, and later received the disclosed opinions before discovery closed. The remaining prejudice is, therefore, curable without allowing Plaintiff to enlarge her expert case.

This result is consistent with the Court's application of Rule 37(c)(1) in *Mincey v. Southeast Farm Equipment Co.*, 2025 WL 2450913, at *10 n.3 (D.S.C. 2025), where the Court considered the opponent's actual opportunity to examine challenged expert material and recognized that further discovery or other measures may address a disclosure problem short of exclusion. It is also distinguishable from *Spates*, where the late disclosure occurred on the final day of discovery after an earlier representation that no experts would be offered and left no comparable pre-deadline notice or discovery opportunity. 2025 WL 2691921, at *2–4.

Nor does this ruling excuse Plaintiff's missed deadline under Rule 16. *Eichin v. Ethicon Endo-Surgery, LLC*, 173 F.4th 124, 127–28 (4th Cir. 2026), confirms that

a party seeking to modify an expired scheduling deadline must show good cause, with diligence central to the inquiry. The Court does not find Plaintiff diligent and does not reopen or retroactively extend Plaintiff's July 8, 2024, expert deadline. Ms. Moore is confined to the opinions already disclosed in March 2025. The only schedule modification authorized below is a limited opportunity for Walmart—the party that complied with and reasonably relied on the expert schedule—to test those opinions and, if necessary, serve rebuttal evidence. The need for that limited defense-side modification arose from Plaintiff's untimely disclosure and constitutes good cause.

Accordingly, Walmart's motion to exclude Ms. Moore is denied subject to the following limitations and curative measures:

1. Ms. Moore's testimony shall be limited to the opinions, calculations, assumptions, and subject matter fairly disclosed in the materials served on March 13, 2025. Plaintiff may not use supplementation to introduce a new opinion, new theory, new category of damages, or materially different future-care calculation that could have been disclosed previously.

2. Within seven days of this Order, Plaintiff shall serve a Rule 26(a)(2)(B)-compliant disclosure for Ms. Moore. The disclosure may supply information required by Rule 26(a)(2)(B) that was omitted from the March 13 materials, but it may not add or materially alter any substantive opinion, basis, or damages theory.

3. Walmart may depose Ms. Moore concerning the disclosed opinions within twenty-one days after service of the compliant disclosure.

4. If Walmart determines that rebuttal expert testimony is reasonably necessary, it may serve a rebuttal disclosure limited to Ms. Moore's disclosed opinions within twenty-one days after her deposition. If Walmart serves a rebuttal expert, Plaintiff may depose that expert within fourteen days, but no surrebuttal expert testimony is permitted absent leave of Court.

5. Any Rule 702 motion directed specifically to Ms. Moore or a rebuttal expert permitted by this Order shall be filed within fourteen days after completion of this limited expert discovery.

No other discovery is reopened absent further order of the Court. The Court expresses no opinion at this time concerning whether any opinion offered by Ms. Moore satisfies Federal Rule of Evidence 702 or is otherwise admissible at trial.

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED:

1. Defendant Walmart, Inc.'s Motion in Limine to Exclude Plaintiff's Experts (DE 30) is GRANTED IN PART AND DENIED IN PART.

2. As to Dr. Todd M. Tupis, the motion is GRANTED IN PART AND DENIED IN PART.

3. Subject to the Federal Rules of Evidence, Dr. Tupis may testify from personal knowledge concerning Plaintiff's symptoms, his observations and examinations, tests ordered or reviewed during treatment, treatment rendered, procedures performed, contemporaneous treatment decisions, diagnoses made and recorded during ordinary care, and entries contained in his contemporaneous treatment records.

4. Because Plaintiff did not provide the disclosure required by Rule 26(a)(2)(C), Dr. Tupis may not offer undisclosed expert opinions concerning:

   a. whether the May 23, 2023, incident caused any particular injury or condition;

   b. specialized differential-diagnosis reasoning offered to establish litigation causation;

   c. prognosis or permanency;

   d. impairment ratings;

   e. future treatment or future medical needs;

f. life-care planning;

g. the general medical necessity or reasonableness of treatment;

h. the reasonableness of medical charges; or

i. opinions developed after treatment or for purposes of litigation.

5. As to Lindsay Moore, the motion is DENIED, subject to the limitations and curative measures set forth in Section III.B of this Order.

6. Ms. Moore may not offer opinions beyond those fairly disclosed in the materials served on March 13, 2025.

7. Nothing in this Order determines the admissibility under Federal Rule of Evidence 702 or any other evidentiary rule of a particular opinion, medical record, report, charge, or exhibit. The Court reserves ruling on any properly preserved objection not resolved herein.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 17, 2026